**In the Matter of the Honorable Evan Dee GOODMAN, Presiding Judge of the Marion Municipal Court.**

**No. 49S00–9406–JD–581.**

Supreme Court of Indiana.

April 27, 1995.

Ronald E. Elberger, Indianapolis, for respondent.

Meg Babcock, Indianapolis, for Indiana Comm'n on Judicial Qualifications.

## DISCIPLINARY ACTION

### PER CURIAM.

The Indiana Commission on Judicial Qualifications and the Respondent, the Honorable Evan Dee Goodman, formerly the Presiding Judge of the Marion Municipal Court, have entered into and now tender for this Court's approval, a Statement of Circumstances and Conditional Agreement for Discipline.

The agreement arises out of a Notice of the Institution of Formal Proceedings and Statement of Charges filed in June 1994 and amended in August 1994. Article 7, Section 4 of the Indiana Constitution and Rule 25 of the Indiana Admission and Discipline Rules give this Court original jurisdiction over this matter.

The Commission's allegations against Respondent referred to activity that occurred before March 1, 1993, the effective date of the present Code of Judicial Conduct. The Commission charged Respondent with violating the 1975 Code of Judicial Conduct, Canons 2A, 3B(2) and 3B(4). These rules state that a judge should avoid the appearance of impropriety, avoid nepotism and favoritism, and require the judge's staff to observe the standards of fidelity and diligence which apply to the judge.

The facts in this case are not in dispute and are set out in the Conditional Agreement. We summarize those facts as follows.

Judge Goodman issued an anti-nepotism policy on May 17, 1994. Before that time and during Respondent's tenure as Presiding Judge of the Marion Municipal Court from 1989 until June 1994, several employees were hired who were close relatives of court employees. The Court Administrator was allowed to hire his daughter, his daughter's fiancé, and the fiancé's brother. The Court Administrator was allowed to approve raises for his family members. Three family members of the Assistant Court Administrator were hired. The daughter of the head of the Probation Department was hired. Judge Goodman's son worked for the court occasionally on school vacations, although the amounts he was paid were reimbursed to the court.

In 1992, Judge Goodman contracted with a corporation to provide certain services for a Marion Municipal Court program. The owner of the corporation was a close personal friend of the Court Administrator. The owner hired the Court Administrator's son-in-law (the former fiancé of the Administrator's daughter), who left his employment with the Marion Municipal Court and was subsequently put in charge of the court program for the corporation. In September 1992, Judge Goodman became engaged to marry the in-house accountant for the corporation, and the owner hosted an engagement party for the Judge and his fiancée.

Although the parties agree Judge Goodman did not profit or intend to profit from the court's program or the corporation's providing services to the court, the parties also agree that these circumstances gave rise to a perception that the court's business was based upon the exchange of favors.

Canon 2A of the 1975 Code of Judicial Conduct provided:

A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

Canon 3B of the 1975 Code of Judicial Conduct provided:

(2) A judge should require his staff and court officials subject to his direction and control to observe the standards of fidelity and diligence that apply to him.

. . . . .

(4) A judge should not make unnecessary appointments. He should exercise his power of appointment only on the basis of merit, avoiding nepotism and favoritism. He should not approve compensation of appointees beyond the fair value of services rendered.

From the above agreed and undisputed facts, we accept the agreement of Respondent and the Commission that Respondent engaged in the charged misconduct. The parties agree that an appropriate sanction for the misconduct here is a public reprimand.

In light of the foregoing facts and findings of misconduct, this Court concludes that the Conditional Agreement for Discipline entered into by the parties should be approved and the agreed discipline, a public reprimand, should be and is hereby accepted.

Accordingly, Respondent, the Honorable Evan Dee Goodman is hereby REPRI-MANDED for his misconduct in this case. This discipline terminates and forecloses all disciplinary proceedings relating to the circumstances giving rise to this cause.

Costs of this proceeding are assessed against Respondent.